UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Thomas Stallings,                                         Case No.    3:14-cv-2121

               Plaintiff

    v.                                              MEMORANDUM OPINION AND
                                                    ORDER ADDRESSING THE
                                                    PLAINTIFF'S "EMERGENCY"
Warden Neil Turner, *et al.*,                   MOTIONS TO AMEND
                                                    (Doc. Nos. 4 and 5.)

               Defendants

       Plaintiff is a state prisoner incarcerated at the North Central Correctional Complex (NCCC) in Marion, Ohio. He filed this *pro se* civil rights action on September 24, 2014, naming as defendants NCCC Warden Neil Turner; the Director of the Ohio Department of Rehabilitation and Correction Gary C. Mohr; two NCCC doctors, Drs. Wilson and Burkus; and an NCCC employee, "Mrs. Shafer." (*See* Doc. No. 1.)

       The plaintiff alleges a litany of problems relating to the conditions of his treatment and confinement in his complaint, but the only specific conduct he sets forth relates to an incident that occurred on July 31, 2014. He and another inmate were outside playing with a prison dog when the dog jumped on the plaintiff and bit the plaintiff's penis, severely injuring him. The plaintiff yelled for help but medical staff did not "act under emergency measures" and afforded him inadequate medical treatment for his pain and injuries. For this conduct, the plaintiff seeks substantial money damages and injunctive relief.

On November 6, 2014, the plaintiff filed an "emergency" motion to amend his conditions of treatment and confinement complaint to add additional civil rights claims and to name multiple additional defendants. (Doc. No. 4.) The plaintiff's proposed amendment appears to allege that a "Sgt. Hollycross" discriminated against him because he is black and gay in connection with incidents unrelated to the incident he alleged in his original complaint. The plaintiff's proposed amended pleading, however, does not clearly set forth specific allegations of wrongdoing against the various defendants the plaintiff appears to name, and it does not request any specific relief. Nor does the pleading set forth a basis for awarding "emergency" relief.

On December 1, 2014, the plaintiff filed yet another "emergency petition for amendment" of his complaint, apparently seeking to add even more claims and even more defendants in the case. (Doc. No. 5.) In this proposed amended pleading, the plaintiff appears to allege he was refused medical care when he went to the prison's medical unit on November 22, 2014, and that he was subjected to excessive force by multiple defendants thereafter. This second, proposed amendment also does not clearly set forth specific allegations of wrongdoing against all of the defendants the plaintiff names, and it does not seek any particular relief. Although the plaintiff has labeled this petition as an "Emergency Petition for Amendment" and a "Motion for TPO and TRO," the plaintiff has not set forth facts, or requested relief, that might warrant the imposition of such extraordinary remedies.

A plaintiff bears the burden of demonstrating that a temporary restraining order is warranted under Fed. R. Civ. P. 65(b). *See Jane Doe v. Barron,* 92 F. Supp.2d 694, 695 (S.D. Ohio 1999). In determining whether to issue a TRO, a court must examine and weigh four factors: (1) whether the moving party has shown a strong likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Overstreet v. Lexington–Fayette Urban County Government,* 305 F.3d 566, 573 (6th

Cir. 2002); *McPherson v. Michigan High School Athletic Ass'n,* 119 F.3d 453, 459 (6th Cir. 1997) (*en banc*). Simply, the plaintiff has not demonstrated that any of the pertinent factors weigh in favor of injunctive relief, and I cannot conclude they weigh in favor of such relief on the basis of the plaintiff's pleadings alone.   In particular, I do not find the plaintiff has demonstrated a strong likelihood of success on the merits or that he would suffer irreparable harm in the absence of injunctive relief. Accordingly, I am denying the plaintiff's pending motions (Doc. Nos. 4 and 5) to the extent they purport to seek "emergency" relief, including a TRO.

I will, however, allow the plaintiff to amend his pleading in accordance with the Federal Rules of Civil Procedure.   Fed. R. Civ. P. 15(a) allows a plaintiff to amend his pleading once as a matter of course before a responsive pleading is served.   Therefore, the plaintiff is permitted to file <u>one</u> consolidated amended complaint in this case within thirty days of the date of this order which clearly sets forth *all* of the claims he seeks to assert in this case against *all* of the defendants he seeks to sue.   This will afford the plaintiff the opportunity to amend his pleading as the Federal Rules of Civil Procedure permit but will not purport to require the defendants to parse through three, separate and seemingly-unconnected pleadings of the plaintiff to attempt to discern the nature of the plaintiff's civil rights claims against them.   Although a *pro se* pleading is not held to the same standard as a pleading drafted by a lawyer, a *pro se* litigant is still required to meet basic pleading requirements.   That is, a *pro se* complaint must give the defendants fair notice of what the plaintiff's claims are and the grounds upon which they rest.   *Bassett v. National Collegiate Athletic Ass'n,* 528 F.3d 426, 437 (6th Cir. 2008).   Neither courts nor defendants "are obligated to search through" a plaintiff's complaint and its various supplements "in order glean a clear and succinct statement of [each of the plaintiff's claims] for relief."   Rather, it is a plaintiff's responsibility – *pro se* or otherwise – "to edit and organize his claims and supporting allegations into a manageable format." *See Hollon v. Eastern Ky. Correctional Complex,*   No. 10–CV–177–KSF, 2010 WL 2924091, at *2

(E.D.Ky. July 22, 2010); *Laster v. Pramstaller*, No. 08–CV–10898, 2008 WL 1901250, at *2 (E.D. Mich. April 25, 2008).

## CONCLUSION

Accordingly, for the reasons stated above, the plaintiff's pending motions to amend his complaint are denied in part and granted in part as follows: The plaintiff's motions are denied to the extent they request emergency relief or a temporary restraining order, but the plaintiff's motions are granted to the extent the plaintiff is permitted to file one consolidated amended complaint in this case within thirty (30) days of the date of this order clearly setting forth and identifying: (1) all of the defendants whom the defendant is suing in the case; (2) the legal claims and legal basis for all claims he asserts; and (3) the factual basis for each claim asserted against each defendant. Once the plaintiff files this amended pleading, no further amendments will be allowed.

So Ordered.

                                                                          s/Jeffrey J. Helmick
                                                                          United States District Judge